UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE RED, JR.,

    Plaintiff,

v.

RON DAVIS, Warden,

    Defendant.

Case No. 15-cv-02727-YGR (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, a state prisoner proceeding *pro se*, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive under 28 U.S.C. § 2244(b). Dkt. 5. Petitioner opposes the motion to dismiss, and Respondent has filed a reply to the opposition. For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

**I.  BACKGROUND**

On October 22, 2001, a Santa Clara County jury convicted Petitioner of three counts of robbery and one count of reckless driving while evading a peace officer. The trial court found that Petitioner had sustained a number of prior strikes, and sentenced him to ninety-five years to life. The California Court of Appeal modified the judgment and otherwise affirmed the conviction. In 2003, the California Supreme Court denied review.

On October 19, 2004, Petitioner filed his first federal habeas petition. *See* Case No. C 04-4408 JW. On November 23, 2009, the Court denied the petition on the merits. Resp't Ex. 1.

On March 5, 2010, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability due to his failure to file a timely notice of appeal. *See* Ninth Cir. Case No. 10-15285; Resp't Ex. 2. On April 2, 2010, the Ninth Circuit denied his request for reconsideration, and closed the case. *Id.*

On February 13, 2013, Petitioner filed a second federal habeas petition, challenging the same criminal judgment at issue in his prior federal petition. *See* Case No. C 13-0641 YGR (PR).

On August 16, 2013, the Court granted Respondent's motion to dismiss the petition as an

1   unauthorized second or successive petition. Resp't Ex. 3.

2    On September 12, 2013, Petitioner filed an application with the Ninth Circuit, asking for
3   leave to file a second or successive petition in the district court. *See* Ninth Cir. Case No. 13-
4   73213; Resp't Ex. 4. On November 26, 2013, the Ninth Circuit denied the application. Resp't Ex.
5   5.

6    On June 17, 2015, Petitioner filed the instant petition—his third federal habeas petition—
7   challenging the same criminal judgment at issue in his first federal petition. Dkt. 1.

8    On July 23, 2015, the Court ordered Respondent to show cause why the petition should not
9   be granted. Dkt. 3.

10   On September 21, 2015, Respondent filed the instant motion to dismiss the petition as
11  successive. Dkt. 5. On November 9, 2015, Petitioner filed a document entitled, "Traverse," which
12  is construed as his opposition to motion. Dkt. 8. Thereafter, Respondent filed a reply. Dkt. 9.

13  **II.    DISCUSSION**

14   A claim presented in a second or successive petition for a writ of habeas corpus pursuant to
15  28 U.S.C. § 2254 must be dismissed if presented in a prior petition. *See* 28 U.S.C. § 2244(b)(1);
16  *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Section 2244(b) applies when a court
17  has disposed of a previous petition on the merits. *See* 28 U.S.C. § 2244(b)(1) (emphasis supplied).
18  As a consequence, a petitioner must obtain an order from the court of appeals which authorizes the
19  district court to consider any second or successive petition before that petitioner can file such a
20  petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such an order, a district court must dismiss the
21  successive petition, including any new claims raised in that petition. *See id.* § 2244(b)(2).

22   Here, Respondent contends that the instant petition is successive because Petitioner has
23  filed prior federal habeas petitions, which challenged the same underlying state conviction. Dkt. 5
24  at 3. In his first federal habeas action, Case No. C 04-4408, former Judge James Ware denied the
25  petition on the merits. *See* Resp't Ex. 1. Respondent contends this Court has no jurisdiction to
26  consider the instant application for relief because Petitioner has made no showing that he obtained
27  an order from the Ninth Circuit allowing him to file a successive petition. In fact, the record
28  shows that the Ninth Circuit *denied* Petitioner's application for leave to file a second or successive

United States District Court
Northern District of California

petition in the district court. *See* Resp't Ex. 5. Thus, Respondent asserts the petition must be dismissed as successive under 28 U.S.C. § 2244(b). Dkt. 5 at 3.

In his opposition, Petitioner does not deny that he filed previous federal habeas petitions as shown by Respondent. Dkt. 8 at 1-13. Instead, Petitioner addresses the merits of the claims raised in the instant petition and makes reference to "procedural default," which was not raised as a ground for dismissal in the instant motion. *See id.*

The Court finds that Petitioner's third federal petition should be classified as a successive petition, and that his arguments in opposition to Respondent's motion to dismiss are unavailing. Because it is a successive petition, an authorization order from the court of appeals is necessary before this Court may consider the instant successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not presented an order from the Ninth Circuit authorizing this Court to consider his third federal petition. Accordingly, this Court GRANTS Respondent's motion to dismiss (dkt. 5) and DISMISSES the instant petition in its entirety under section 2244(b).

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as successive (Dkt. 5) is GRANTED. The instant petition is DISMISSED as a successive petition pursuant to 28 U.S.C. § 2244(b).

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of the Court shall enter judgment, terminate any pending matters, and close the file.

This Order terminates Docket No. 5.

IT IS SO ORDERED.

Dated: May 20, 2016

YVONNE GONZALEZ ROGERS
United States District Judge

3